RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/3/14
     mb

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

THOMAS A. MCCARTNEY            DOCKET NO. 14-CV-230; SEC. P
    LA. DOC. #569174

VERSUS                         JUDGE DEE D. DRELL

TIM KEITH                      MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Pro se Plaintiff, Thomas A. McCartney, proceeding in forma pauperis, filed the instant civil rights complaint [Doc. #1] pursuant to 42 U.S.C. §1983 on February 10, 2014, and amended complaint on August 5, 2014 [Doc. #11]. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"), and he is incarcerated at the Winn Correctional Center ("WNC") in Winnfield, Louisiana. He complains that his outgoing mail is being censored in violation of the laws and Constitution of the United States. He names as the defendant Warden Tim Keith. Plaintiff seeks declaratory and injunctive relief, compensatory damages of $100.00, and punitive damages of $25,000.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Factual Allegations

Plaintiff alleges that on August 12, 2013, he placed a stamped envelope in the WNC mailroom addressed to his mother, which

contained ninety stamped envelopes. After his mother did not receive the envelopes, McCartney submitted a request inquiring as to that status of his mail. The warden directed Plaintiff to provide proof that he purchased the ninety stamps. McCartney advised that he received 16 of the stamps through the indigence program; he alleged that he "found" nine of the stamps in the trash at WNC; and, the remaining sixty-five stamps, he had with him when he was transferred to WNC from Vernon Parish Sheriff's Office Jail.[1]

According to the Unit Head, an investigation was conducted and it was determined that Plaintiff had received stamped envelopes from other inmates as payment for canteen items. Moreover, the Unit Head noted that Plaintiff was written up and the stamps were confiscated. [Doc. #1, p.17] Plaintiff was ordered to amend his complaint to provide information regarding the disciplinary conviction and any sanctions imposed as a result, especially the loss of good time. In an amended complaint, Plaintiff states that he was not written up as a result of the stamp incident. [Doc. #11, p.5]

### *Law and Analysis*

Plaintiff claims that his mail was wrongfully confiscated

---

[1] Plaintiff does not explain how or why he was able to receive 16 stamps based on "indigence" when he already had sixty-five stamps in his possession, which he claims he brought with him from Vernon Parish.

2

under Turner v. Safley, 482 U.S. 78 (1987). In Turner, the Supreme Court held that, when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests. Turner discussed whether a regulation prohibiting inmate to inmate correspondence violated the prisoners' rights under the First Amendment to the United States Constitution. In this case, although McCartney attempts to present his claim as a First Amendment violation, he is not complaining that his freedom of speech was inhibited.

Moreover, Courts have recognized the need for custodial authorities to open, review, and occasionally censor outgoing mail. See Busby v. Dretke, 359 F.3d 708, 721 (5th Cir. 2004). Although inmates have a First Amendment right both to send and receive mail, Thornburgh v. Abbott, 490 U.S. 4019 (1989)), that right does not preclude prison officials from examining mail to *ensure that it does not contain contraband*. See Brewer v. Wilkinson, 3 F.3d 816, 822 (5th Cir. 1993). In this case, Plaintiff's mail contained contraband - approximately ninety stamps (or pre-stamped envelopes), for which Plaintiff was unable to sufficiently prove when/where/how they were all acquired. Plaintiff's mail was not censored based on what it said, and he has not alleged that his freedom of speech was violated in any way. Plaintiff's allegation of the violation of his First Amendment right is conclusory and not supported by facts.

To the extent that McCartney complains that he was wrongfully deprived of his property – postage stamps – his claim also fails. In <u>Daniels v. Williams</u>, 474 U.S. 327 (1986), the Supreme Court held that the Due Process Clause is not implicated by a state official's negligent act, which causes unintended loss of, or injury to, life, liberty or property. Furthermore, *even the intentional deprivation of property does not violate due process when there is an adequate state tort remedy available.* <u>See</u> <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984). Contrary to Plaintiff's assertion that he has no adequate remedy at law, the State of Louisiana does provide adequate post-deprivation remedies for both negligent or intentional conversions of property.

*Conclusion*

For the forgoing reasons, Plaintiff fails to state a claim for which relief can be granted. Thus, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being

served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this 3rd day of September, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE